1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT
9                            CENTRAL DISTRICT OF CALIFORNIA
10
11   RICKEY S. HUFF,                    )   NO. CV 12-5109-DDP (AGR)
12                  Petitioner,         )
13            v.                        )
14   VALENZUELA, Warden,                )   ORDER TO SHOW CAUSE
15                  Respondent.         )
16                                      )
17                                      )
18
19        On June 12, 2012, Petitioner filed a Petition for Writ of Habeas Corpus
20   pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the
21   one-year statute of limitations has expired.
22        The court, therefore, orders Petitioner to show cause, on or before ***July 16,***
23   ***2012***, why the court should not recommend dismissal of the petition with
24   prejudice based on expiration of the one-year statute of limitations.
25
26
27
28

# I.

## PROCEDURAL BACKGROUND

On August 4, 2009, Petitioner pled guilty to assault with a deadly weapon and was sentenced to six years in prison. (Petition at 1-2 & Ex. A, Abstract of Judgment.) Petitioner did not appeal. (Petition at 2.)

On September 1, 2010, Petitioner filed a habeas petition in the Superior Court, which was denied on the same day. (*Id.*, Ex. A, Minute Order; Ex. C, Statement of Facts, first page.) On September 15, 2010, Petitioner constructively filed a habeas petition in the California Court of Appeal, which was denied on October 5, 2010. (*Id.*, Ex. B, Petition at 6 & Order.) On December 9, 2010, Petitioner constructively filed a habeas petition in the California Supreme Court, which was denied on June 8, 2011. (*Id.*, Ex. C, Petition at 6 & Decision.)

On June 7, 2012, Petitioner constructively filed the instant petition in this court. (*Id.* at 11.) Petitioner argues the trial court "acted in excess of its jurisdiction" when it used an "illegal prior conviction" to double his sentence. (*Id.* at 6.)

# II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.     The Date on Which Conviction Became Final – § 2244(d)(1)(A)

Petitioner was sentenced on August 4, 2009.  (Petition at 1.)  Because he did not appeal, his conviction became final 60 days later on October 5, 2009.[1]  California Rules of Court 8.308(a) (formerly Rule 30.1).  Therefore, absent tolling, the limitations period expired on October 5, 2010.

#### 1.     Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Petitioner filed his first state habeas petition on September 1, 2010, 331 days after his conviction became final.  Thus, 34 days remained in the limitations period.  Statutory tolling ended on June 8, 2011, when the California Supreme Court denied his habeas petition.  Petitioner did not constructively file his petition here until June 7, 2012, 365 days later.  Thus, Petitioner's filing here was late by 331 days (365 - 34).  Absent equitable tolling, the petition is time-barred.

#### 2.     Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this

---

[1] Saturday, October 3, 2009 is 60 days later.

3

reason only when "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may start to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

In his habeas petition before the Court of Appeal, Petitioner stated he "only [recently] became aware of the claim of excess of jurisdiction." (Petition, Ex. B, Petition at 5.) Petitioner's discovery of his claim was not based on the factual predicate but on its legal significance. Therefore, § 2244(d)(1)(D) does not assist him.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before ***July 16, 2012***, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be**

1 **dismissed with prejudice based on expiration of the one-year statute of**
2 **limitations.**

DATED: June 14, 2012

_____
ALICIA G. ROSENBERG
United States Magistrate Judge